John S. Lockmah, J.
Defendant moves, through his attorney, for an order directing the District Attorney to re-present the defendant’s case to the Grand Jury and to permit the defendant to testify in his own behalf.
■On November 30, 1973, the defendant and his attorney made a written request of the District Attorney that he be given an opportunity to appear before the .Grand Jury to testify in regard to the charges pending against him. ■. In response thereto, the defendant was notified on January 2, 1974, that the case was ■being presented to the Grand Jury on January 14, 1974, and that he could testify on that date. The defendant’s motion papers indicate that on January 14,1974, the defendant appeared at the District Attorney’s office,' “ became confused over the discussion of the waiver of immunity and left without testifying ”.
The defendant subsequently was indicted on January 15,1974, for the crimes of reckless- endangerment in the first degree, possession of a weapon as a felony and prohibited use of weapons.
The first .question presented is whether the District Attorney can ¡be directed to re-present the defendant’s case to the Grand *663 Jury. In People v. Lent (Nassau County Ct., March 29,1974), we held that since the presentation of evidence to a Grand Jury is solely within the discretion of the District Attorney, the court lacks the authority to order such presentation. (CPL 190.55, subd. ,2, par. [c].)
Where, as here, a re-presentment is requested after indictment, the court is powerless. Only the District Attorney can re-present. (People v. Beverly P., J. Spitzer, Nassau County Ct., Dec. 18, 1973; People v. Merhige, 40 A D 2d 223; CPL 190.55.)
Whether the defendant has a right to testify before the Grand Jury is governed by CPL 190.50 (subd. 5, par. [a]) which provides : ‘ ‘ When a criminal charge against a person is being or is about to be .or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney ¡must notify the defendant or his attorney of1 the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein ”.
Although the defendant met the criteria of CPL 190.50 (subd. 5, par. [a]), paragraph (b) states: “Upon appearing at such time and place, and upon signing cmd submitting to the grand jury a waiver of immunity pursuant to section 190.45, such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration.’’ (Emphasis added.)
Since the defendant was accorded the opportunity of signing a waiver of immunity and testifying before the Grand Jury, and he refused to do so, he effectively waived his right and accordingly we are not authorized to order the District Attorney to re-present the case in order to permit the defendant to give testimony. (CPL 190.50, 190.55.) Motion denied.